**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

HORIZON BANK, NATIONAL
ASSOCIATION,

    Plaintiff,

v.                                       Case No:  5:15-cv-584-Oc-30PRL

ALLEN S. MUSIKANTOW,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Authorize Voluntary Dismissal (Doc. 15), Defendant's Response in Opposition (Doc. 16), and Plaintiff's Reply (Doc. 19).  The Court, having reviewed the motion, response, and reply, and being otherwise fully advised in the premises, concludes that the motion should be granted in part with conditions.

## DISCUSSION

Plaintiff's motion seeks, in relevant part, leave to dismiss its case under Fed. R. Civ. P. 41(a)(2) without prejudice.  Federal Rule of Civil Procedure 41(a)(1)(A) provides that a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal *before* the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A) (emphasis added).  Where a defendant, like Defendant in this case, has already served an answer, "an action may be dismissed at the plaintiff's request only

by court order, *on terms that the court considers proper.*" Fed. R. Civ. P. 41(a)(2) (emphasis added).

Generally, "[a] district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Arias v. Cameron,* 776 F.3d 1262, 1268 (11th Cir. 2015) (citing *Pontenberg v. Bos. Scientific Corp.,* 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam)). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Pontenberg,* 252 F.3d at 1255 (emphasis in original) (citing *McCants v. Ford Motor Co.,* 781 F.2d 855, 856-57 (11th Cir. 1986)). "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." *Pontenberg,* 252 F.3d at 1255 (citing *Durham v. Fla. E. Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir.1967)). In exercising its broad equitable discretion under Rule 41(a)(2), the "court should weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Arias,* 776 F.3d at 1269 (citing *McCants,* 781 F.2d at 857).

Defendant opposes Plaintiff's motion to the extent that Defendant contends that the Court should condition the dismissal on payment of Defendant's attorney's fees and costs incurred in this case to date. In light of this opposition, the Court turns to the relevant factors with respect to weighing the equities to determine the appropriate resolution.

This is a post-judgment collection action; Plaintiff filed a two-page complaint on November 16, 2015, to collect on a judgment that was entered against Defendant in

Wisconsin.[1] (Doc. 1). On January 8, 2016, Defendant filed its three-page answer. (Doc. 10). The parties participated in a case management conference and filed their case management report on February 5, 2016. (Doc. 11). Plaintiff filed the instant motion on March 11, 2016. (Doc. 15). These facts demonstrate that this case has not been heavily litigated and is still in its infancy. These facts also demonstrate that this case has not been highly technical or complicated. Defendant has not shown that he would "lose any substantial right" by a dismissal without prejudice, other than possibly having to litigate again with Plaintiff in the future. Defendant also has not shown evidence of bad faith on Plaintiff's part. *See Pontenberg,* 252 F.3d at 1257-58 (discussing the significance of evidence demonstrating bad faith on the part of counsel in applying a Rule 41(a)(2) analysis). Under these circumstances, the Court concludes that Defendant's arguments are insufficient to demonstrate clear legal prejudice.

However, the Court acknowledges the practical prejudice of the attorney's fees that Defendant has incurred in defending this action, especially in light of Defendant's argument that Plaintiff will likely refile this action in Wisconsin and Defendant will have to retain Wisconsin counsel to defend that action. The Court finds it appropriate to attach conditions to the dismissal. Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Authorize Voluntary Dismissal (Doc. 15) is granted on the condition that **if** Plaintiff chooses to refile its complaint against Defendant at a later time, Plaintiff shall pay costs associated with this action, which shall include an amount of Defendant's **reasonable** attorney's fees incurred in this action.

---

[1] Defendant is a Florida citizen.

2. Plaintiff shall inform the Court within seven (7) days from the date of this Order as to whether it agrees to the condition described in Paragraph 1, or instead wishes to withdraw its motion to dismiss and proceed with the case in this forum.

3. Plaintiff's alternative request to stay these proceedings is denied for the reasons stated in Defendant's response.

**DONE** and **ORDERED** in Tampa, Florida on April 27, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record